IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Hyundai Merchant Marine Co. Ltd., <br><br> Plaintiff, <br><br> v. <br><br> Grand China Shipping (Hong Kong) Co. Ltd.; HNA Group Co. Ltd.; Grand China Logistics Holdings (Group) Company Limited; Grand China Shipping (Yantai) Co. Ltd.; and Ocean Container Trading (Hong Kong) Company Limited, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:12-cv-00095 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**VERIFIED COMPLAINT**

Plaintiff, Hyundai Merchant Marine Co. Ltd. ("HMM"), by its attorneys, Thomas S. Rue and Jonathan Joseph Beren Segarra, for its Verified Complaint against the defendants, alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h) and 28 U.S.C. 1333(1).

2. At all material times, HMM was and still is a Korean corporation with its principal place of business in Seoul, Korea.

3. At all material times, defendant Grand China Shipping (Hong Kong) Co. Ltd. (hereinafter "GCS Hong Kong") was and still is a foreign corporate entity registered in Hong Kong.

4. At all material times, defendant HNA Group Co. Ltd. (hereinafter "HNA") was and still is a foreign corporate entity organized in The People's Republic of China.

5. At all material times, defendant Grand China Logistics Holdings (Group) Company Limited (hereinafter, "GCS Holdings") was and still is a foreign corporate entity organized in The People's Republic of China.

6. At all material times, defendant Grand China Shipping (Yantai) Co. Ltd. (hereinafter "GCS Yantai") was and still is a foreign corporate entity organized in The People's Republic of China.

7. At all material times, defendant Ocean Container Trading (Hong Kong) Company Limited (hereinafter, "Ocean Container") was and still is a corporate entity organized under the laws of a foreign notation.

## COUNT I

8. On or about August 4, 2008 HMM (as Owners) entered into a time charter party contract on the NYPE form with GSC Hong Kong (as Charterers) for the vessel GLOBAL COMMANDER. The charter party is for a period of 59/61 months at a daily hire rate of US$59,125 to be paid by GSC Hong Kong to HMM. As of January 3, 2012, GSC Hong Kong has failed to pay HMM charter hire totaling US$16,901,314.95. The charter party mandates London arbitration of claims and application of English law. The claims under the charter party are now in London arbitration. Attached hereto as Exhibit A is the application dated January 3, 2012 to the arbitration panel for an Interim Final Award for US$16,901,314.95 plus interest and costs and the Claims Submissions from the arbitration, to which is attached the said charter party contract and HMM's Hire Statement itemizing the claim.

9. Since the said application for Interim Award and the Claims Submissions were made, additional charter hire has become due but has not been paid by GCS Hong

Kong. Attached hereto as Exhibit B is an HMM hire statement dated February 10, 2012 showing an amount due of US$19,464,385.69. HMM will be bringing arbitration against GCS Hong Kong for this additional amount.

10.    Despite HMM's demands for payment to GCS Hong Kong, the said sum remains due and outstanding, and GSC Hong Kong is therefore in breach of the charter party.

11.    All conditions precedent have been performed or have occurred.

12.    Under English Law, the prevailing party in arbitration is entitled to reimbursement of its attorneys fees, costs and disbursements.

13.    As a result of the foregoing, HMM has suffered the following damages for which security is sought herein:

    (a)    Principal amount of the above US$19,464,385.69 claims (plus an allowance for interest at 5% per annum running from the date that each unpaid hire installment fell due)

    (b)    Estimated costs and fees of US$250,000.00 the London arbitration (and High Court proceedings against HNA see Count II below)

14.    This action seeks security in aid of the said London arbitration pursuant to 9 U.S.C. §§ 1, 8.

15.    GCS Hong Kong is not found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

16.     Upon information and belief, GCS Hong Kong has or will have during the pendency of this action, assets within this district and subject to the jurisdiction of this Court including assets held in the hands of garnishees. Such assets may include, but are not limited to, assets of GCS in the hands of Norton Lilly International, Inc., One St. Louis Centre, 5th Floor, 1 St. Louis Street, Mobile, Alabama 36602 and bank accounts maintained by Norton Lilly International, Inc. at Banktrust, 107 St. Francis Street, Mobile, Alabama 36602, or other financial institutions.

17.     HMM seeks an order from this Court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules attaching, inter alia, any assets of GCS Hong Kong in the district and including any assets of GCS Hong Kong held by any garnishee in the district for the purpose of obtaining personal jurisdiction over GCS Hong Kong and to secure its claim.

18.     There is no statutory or maritime bar to the attachment sought herein.

## **COUNT II**

19.     HMM repeats and re-alleges all of the above allegations as though repeated and set forth at length herein.

20.     By a guarantee dated August 4, 2008, GCS Hong Kong's obligations under the charter party were and are guaranteed by HNA. A copy of the guarantee is attached to HMM's arbitration Claims Submission, Exh. A hereto.

21.     Despite HMM's demands for payment to HNA, the said sum remains due and outstanding and HNA is therefore in breach of the guarantee.

22. The guarantee provides that it shall be governed by English Law with disputes arising thereunder to be decided in the High Court of Justice in England. A proceeding against HNA in the High Court of Justice has yet to be commenced.

23. Under English Law, the prevailing party in a High Court of Justice case is entitled to reimbursement of its attorneys' fees, costs and disbursements.

24. HMM seeks security in the same amounts as asserted in paragraph 13 above, as interest and costs awarded to a prevailing party in a High Court proceeding are essentially the same as that awarded in London arbitration.

25. This action seeks security in aid of the claims against HNA and any High Court of Justice proceeding to be brought.

26. HNA is not found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

27. Upon information and belief, HNA has or will have during the pendency of this action, assets within this district and subject to the jurisdiction of this Court including assets held in the hands of garnishees. Such assets may include, but are not limited to assets of HNA in the hands of Norton Lilly International, Inc., One St. Louis Centre, 5th Floor, 1 St. Louis Street, Mobile, Alabama 36602 and bank accounts maintained by Norton Lilly International, Inc. at Banktrust, 107 St. Francis Street, Mobile, Alabama 36602, or at other financial institutions.

28. HMM seeks an order from this Court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules attaching, inter alia, any assets of HNA in the district

including any assets of HNA in the district held by any garnishee in the district for the purpose of obtaining personal jurisdiction over HNA and to secure its claim.

29.     There is no statutory or maritime bar to the attachment sought herein.

### COUNT III

30.     HMM repeats and realleges all of the above allegations as though repeated and set forth at length herein.

31.     The instant Rule B action is one of at least seven (the instant case and the six listed below) nationwide in which the underlying claim involves a time charter party entered into by GCS Hong Kong with vessel owners but where GCS Hong Kong has failed to pay large sums of charter hire owed to the vessel owners. Also, in each case, HNA and/or GCS Logistics gave to the vessel owners guarantees of GCS Hong Kong's obligations under the charter party, but GCS Logistics and/or HNA have failed to pay the charter hire owed by GCS Hong Kong despite being obligated to do so under the guarantee. In the six below cases, three U.S. District Court judges and three U.S. District Court Magistrate judges issued _ex parte_ orders authorizing, under Supplemental Admiralty Rule B to the Federal Rules of Civil Procedure, issuance of process of maritime attachment and garnishment against all named defendants, not just GCS Hong Kong, HNA and GCS Logistics. These other cases are listed below in chronological order according to the date that the _ex parte_ attachment order was issued:

### U.S.D.C. Central District of California, 11 Civ. 09994

    Plaintiff:    Golden Ocean Group Limited

    Defendants:    GCS Hong Kong (Charter party signatory)
                      GCS Logistics (Guarantor)
                      GCS Yantai
                      HNA

On December 5, 2011 the court issued an ex parte order authorizing issuance of process of maritime attachment and garnishment with respect to all defendants.

### U.S.D.C. Western District of Washington, 11 Civ. 02156

Plaintiff:      Tumac Corporation

Defendants:   GCS Hong Kong (Charter party signatory)
              GCS Logistics (Guarantor)
              GCS Yantai (Guarantor)

On December 23, 2011 the court issued an ex parte order authorizing issuance of process of maritime attachment and garnishment with respect to all defendants.

### U.S.D.C. Central District of California, 11 Civ. 00171

Plaintiff:      Dampskibsselskabet Norden, S.A.

Defendants:   GCS Hong Kong (Charter party signatory)
              GCS Logistics (Guarantor)
              GCS Yantai
              HNA
              Ocean Container

On January 6, 2012 the court issued an ex parte order authorizing issuance of process of maritime attachment and garnishment with respect to all defendants.

### U.S.D.C. Central District of California, 11 Civ. 00174

Plaintiff:      Tumac Corporation

Defendants:   GCS Hong Kong (Charter party signatory)
              GCS Logistics (Guarantor)
              GCS Yantai
              HNA (Guarantor)
              Ocean Container

On January 6, 2012 the court issued an ex parte order authorizing issuance of process of maritime attachment and garnishment with respect to all defendants.

### U.S. D.C. Southern District of New York, 12 Civ. 00335

Plaintiff:      Tumac Corporation

Defendants:   GCS Hong Kong (Charter party signatory)
              GCS Logistics (Guarantor)
              GCS Yantai
              HNA (Guarantor)
              Ocean Container

On January 19, 2012 the court issued an <u>ex parte</u> order authorizing issuance of process of maritime attachment and garnishment with respect to all defendants.

<u>U.S. D.C. Southern District of New York, 12 Civ. 00874</u>

Plaintiff:    Dampskibsselskabet Norden, A/S

Defendants:   GCS Hong Kong (Charter party signatory)
              GCS Logistics (Guarantor)
              GCS Yantai
              HNA
              Ocean Container

On February 3, 2012 the court issued an <u>ex parte</u> order authorizing issuance of process of maritime attachment and garnishment with respect to all defendants.

32.  In each of the above cases, the plaintiffs alleged that HNA and GCS Logistics dominated and controlled the other defendants, including GCS Hong Kong, and used them as mere instrumentalities and presented supporting evidence. In each case, the court issued attachment orders with respect to all defendants, not just GCS Hong Kong, GCS Logistics, and HNA. Thus, the courts were satisfied that a preliminary showing of alter ego was made sufficient for purposes of issuance of an order of process of maritime attachment and garnishment. All of the attachment orders from the six above cases are collectively attached hereto as Exhibit C.

33.  The most recent of the cases is <u>Norden A/S v. GCS Hong Kong</u>, S.D.N.Y. 12 Civ. 00874. The evidence submitted by plaintiff's counsel in that case on the alter ego allegations is contained in paragraphs 24-50 to the complaint and in Exhibits 7-14 thereto. The complaint and exhibits 7-14 thereto are attached hereto as Exhibit D and

HMM hereby incorporates by reference such evidence and allegations as though set forth fully herein.

34.     Therefore, upon information and belief: Defendants, notwithstanding their formal separate incorporation, are in actual fact a single business entity pursuing business objectives through nominally separate business structures, but always subject to the command and control of HNA and GCS Logistics; the structure of the defendants and their affiliated companies was a complex intertwined web of parent and subsidiary companies over which HNA and GCS Logistics exercised virtually absolute dominion and control, constituting and using their subsidiaries GCS Hong Kong and GCS Yantai as their alter egos and instrumentalities; in the conduct of their business defendants have acted as a single business enterprise, confusing and commingling funds, functions, and finances, holding themselves to the public, when convenient, as one large business and a "Group," endowed with ample assets to guarantee the obligations of each other and in every respect acting as an integrated single business enterprise; in the conduct of their business HNA and GCS Logistics have used their, and their various subsidiaries' corporate mantle, not for legitimate purposes sanctioned by the law, but for the purpose of obtaining the valuable service of HMM's vessels but putting their assets beyond HMM's reach for recourse and enforcement of just claims; and defendants have used and are continuing to use their corporate separateness, and their purported separate incorporation to avoid paying agreed and accrued charter hire under the said charter party and guarantee.

35.     Defendants, having operated at all relevant times as a single enterprise, and being the alter ego of each other in the circumstances set forth above, it would be fair

and equitable for any asset of this enterprise to be subject to the claims of creditors of the enterprise, such as HMM, and for any such assets to be attached as security for HMM's maritime claims.

36. It would be fair and equitable to pierce or reversely pierce the corporate veil of HNA, GCS Logistics, GCS Hong Kong, GCS Yantai and Ocean Trading in order to reach the economic value of their assets that they have compartmentalized in separate corporate pockets, to the detriment of HMM.

WHEREFORE, HMM prays:

A. That process in due form of law according to the practice of this Court in matters of admiralty and maritime jurisdiction issue against all said defendants, citing them to appear and answer under oath all and singular the matters alleged.

B. That since defendants cannot be found within the District when this action was commenced, this Court issue an Order pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee up to the amount of HMM's claims herein and that all persons claming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged.

C. That property attached pursuant to Process of Maritime Attachment and Garnishment issued hereunder stand as security for HMM's claims under

        9 U.S.C. 8; and if the said London arbitration panel issues an award in favor of HMM, that this Court enter judgment on the London arbitration award pursuant to 9 U.S.C. §§ 201 – 208.

D.    That property attached pursuant to Process of Maritime Attachment and Garnishment issued hereunder stand as security for HMM's said claims to be brought in the High Court in England.

E.    That HMM be granted such other further and different relief as this Court may deem just and proper.

 

/s/ Thomas S. Rue
Thomas S. Rue (RUETH8241)


/s/ Jonathan B. Segarra
Jonathan B. Segarra (SEGAJ6478)

Attorneys for Plaintiff, Hyundai Merchant
  Marine Co., Ltd.
P.O. Box 1988
Mobile, Alabama 36633
Telephone:   (251) 432-7682
Facsimile:    (251) 432-2800
E-mail:  tsr@johnstoneadams.com
E-mail:  jbs@johnstoneadams.com

OF COUNSEL:
JOHNSTONE, ADAMS, BAILEY, GORDON & HARRIS, L.L.C.

11

## ATTORNEY VERIFICATION

The undersigned declares that the following statement is true under the penalties of perjury:

1. I am over 19 years of age, of sound mind, capable of making this verification and fully competent to testify to all matters stated herein.

2. I am attorney for the plaintiff in this action and I am fully authorized to make this verification on its behalf.

3. I have read the foregoing complaint, and the contents thereof are true and accurate to the best of my knowledge upon information and belief.

4. The reason that this verification was made by me and not the plaintiff is that the plaintiff is an alien corporation, none of whose officers are present in the district.

5. The source of my knowledge is information and records furnished to me by plaintiff all of which I believe to be true and accurate.

Dated this 15th day of February, 2012.

/s/ Thomas S. Rue
Thomas S. Rue

766128.doc