IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HYUNDAI MERCHANT MARINE CO. LTD., ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> GRAND CHINA SHIPPING (HONG KONG) ) <br> CO. LTD.; HNA GROUP CO. LTD.; GRAND ) <br> CHINA LOGISTICS HOLDINGS (GROUP) ) <br> COMPANY LIMITED; GRAND CHINA ) <br> SHIPPING (YANTAI) CO. LTD.; and OCEAN ) <br> CONTAINER TRADING (HONG KONG) ) <br> COMPANY LIMITED, ) <br> ) <br> **Defendants.** | CASE NO:  1:12-CV-0095-C <br><br> IN ADMIRALTY |

## MOTION TO DISMISS

COME NOW, defendants Grand China Shipping (Yantai) Co. Ltd. and Ocean Container Trading (Hong Kong) Company Limited, making restricted appearances pursuant to Rule E(8), Supplemental Rules for Admiralty or Maritime Claims, by and through their counsel of record John P. Kavanagh, Jr., of Burr & Forman LLP, and move the Court to dismiss Plaintiff's claims for lack of personal jurisdiction, insufficient process, and insufficient service of process under Federal Rules of Civil Procedure 12(b)(2), 12(b)(4) and 12(b)(5).  Grounds for this motion are that plaintiff's transmission of documents via Federal Express does not comply with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, which is binding upon U.S. courts.

## INTRODUCTION

On February 15, 2012, plaintiff Hyundai Merchant Marine ("plaintiff") filed an admiralty complaint alleging that defendant Grand China Shipping (Hong Kong) failed to pay plaintiff

approximately $19 million in charter hire for the use of plaintiff's ship the "Global Commander." Defendant HNA Group is alleged to be liable because it guaranteed defendant Grand China Shipping (Hong Kong)'s payment of the charter hire. There is no allegation that specially-appearing defendant Grand China Shipping (Yantai) ("GCS(Yantai)") or specially-appearing defendant Ocean Container Trading (Hong Kong) Company Limited ("Ocean Container") had anything to do with this transaction. It is not alleged either is a party to any charter contract, to have guaranteed any payments, or to have had any interaction with plaintiff in any way. The only apparent basis for plaintiff's claim against defendants GCS(Yantai) and Ocean Container is that they are each, according to plaintiff, an "alter ego" of the other defendants – a contention which, as plaintiff apparently is aware, defendant GCS(Yantai) has vigorously contested in other recent litigation. Nonetheless, on March 8, 2012 plaintiff applied ex parte and obtained, with no notice to defendants GCS(Yantai) and Ocean Container, an order leading to the seizure of over $390,000 in defendant GCS(Yantai)'s assets.

On March 15, 2012, plaintiff filed an "Affidavit of Service" in which plaintiff purports to have served the summons, complaint, and related documents on defendants GCS(Yantai) and Ocean Container via a March 9, 2012, Federal Express shipment to defendants GCS(Yantai)'s and Ocean Container's offices in China. Plaintiff's purported service is defective and should be quashed and the matter dismissed pursuant to Federal Rules of Civil Procedure 12(b)(2) [lack of personal jurisdiction], 12(b)(4) [insufficient process], and 12(b)(5) [insufficient service of process]. First, to the extent plaintiff is seeking to assert personal jurisdiction over defendants GCS(Yantai) and Ocean Container (as the summons and other documents in its Federal Express shipment suggest), it cannot do so because it has failed to comply with the Hague Convention on the Service of Process. Second, to the extent plaintiff is attempting to provide "Notice to

2

Defendant" under Rule B(2) of the Supplemental Rules for Admiralty Claims, this attempted "notice" fails for the same reason. The Hague Convention requires that any attempt to "transmit" a "judicial or extrajudicial document" to China for service be done only through China's Central Authority; Federal Express delivery is plainly insufficient.

## STATEMENT OF FACTS

### A.   The Complaint Allegations

On February 15, 2012, plaintiff filed a verified complaint alleging that defendant Grand China Shipping (Hong Kong) improperly failed to pay plaintiff over $19 million for its use of plaintiff's ship the "Global Commander." (Complaint ¶¶ 8-14). Plaintiff alleges that defendant HNA Group is liable because it guaranteed defendant Grand China Shipping (Hong Kong)'s payment of the charter hire. (Id. ¶¶ 20-26). According to plaintiff, an arbitration relating to this dispute is pending in the United Kingdom, and plaintiff's lawsuit is brought to seek security for a potential arbitration judgment. (Id. ¶¶8, 14, 25). There is no allegation that defendant GCS(Yantai) or defendant Ocean Container had any involvement with this transaction, guaranteed any payments, or interacted with the plaintiff in any way. (See Complaint). The only alleged basis of the claim against defendants GCS(Yantai) and Ocean Container is that, according to plaintiff, defendants GCS(Yantai) and Ocean Container are each an alter ego of the other defendants.

To support its alter ego allegations, plaintiff cites several other recent cases in which other plaintiffs have made similar claims that defendants GCS(Yantai) and Ocean Container are each an alter ego of other "Grand China Shipping" and HNA defendants. (Complaint ¶¶ 31-36). However, plaintiff omits any mention whatsoever of the fact that defendant GCS(Yantai) has vigorously contested those allegations as to itself in those other matters, including by presenting

a detailed factual showing that it is a separate corporation, adequately capitalized and independently managed by its own officers and directors, thereby disproving those alter ego allegations. See, e.g., Golden Ocean v. Grand China Shipping et al, CV-11-9994-PA(AGRx) Docket Entry 13 (GCS(Yantai)'s Motion to Vacate Attachment Order).

### B.     The Seizure of GCS(Yantai)'s Assets

Apparently solely on the basis of the "alter ego" claim, on February 15, 2012, plaintiff applied ex parte, and without notice to defendants GCS(Yantai) and Ocean Container, for an order authorizing the attachment of defendants GCS(Yantai)'s and Ocean Container's assets in the Southern District of Alabama. (See Doc. No. 2). The Court issued the attachment order on February 16, 2012 and a supplemental writ of attachment and supplemental writ of garnishment on March 9, 2012. (See Doc. Nos. 6, 11, 12). The following day, garnishee Norton Lilly International filed an answer indicating that it held $391,501.76 of GCS(Yantai) funds subject to the attachment order. (See Doc. No. 16).[1]

### C.     Plaintiff's Claimed Service on GCS(Yantai) and Ocean Container

On March 15, 2012, plaintiff filed an "affidavit of service." (Doc. No. 19). In it, plaintiff claims to have "served" defendants GCS(Yantai) and Ocean Container with the summons, complaint, and other related documents via a March 9, 2012 Federal Express shipment to defendants GCS(Yantai)'s and Ocean Container's offices in China. (Id. ¶ 3). The summons provided in this shipment states that it is a "Summons In A Civil Action," cites Federal Rule of Civil Procedure 12, and commands GCS(Yantai) and Ocean Container to respond to the

---

[1]     Defendants GCS(Yantai) and Ocean Container believe that first presenting this dispositive motion is the appropriate way to proceed. However, should this motion be denied, both defendants GCS(Yantai) and Ocean Container respectfully request the opportunity to present facts and argument that it is not the alter ego of the alleged debtor(s) to plaintiff.

4

complaint within 30 days "after service." (Doc. No. 18). It does not mention Rule B of the Supplemental Rules for Admiralty or Maritime Claims. (Id.).

## ARGUMENT AND AUTHORITIES

**A.     The Court Does Not Have Personal Jurisdiction Over GCS(Yantai) and Ocean Container and There Was No Proper Service on GCS(Yantai) or Ocean Container.**

The Summons and other documents plaintiff sent defendants GCS(Yantai) and Ocean Container via Federal Express suggest that plaintiff seeks to serve and assert personal jurisdiction as to defendants GCS(Yantai) and Ocean Container. (See, e.g., Doc. No. 18 (Summons citing FRCP 12, asserting 30 days to respond, and failing to mention Rule B); Doc. No. 19 ("Affidavit of Service" asserting "service" of the summons and complaint)). However, plaintiff has failed to demonstrate the Court has personal jurisdiction over Defendants GCS(Yantai) and Ocean Container, and any such claimed service is invalid because plaintiff failed to comply with the Hague Convention on Service.

The Hague Convention on Service applies "in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." (Convention Art. 1). Both China and the United States are signatories. (Convention Status Table). It provides that service of judicial documents between signatory countries must be done through a formal procedure involving submission of the documents to a "Central Authority" in the receiving country (here, the Ministry of Justice of the People's Republic of China) for service. (Convention Arts. 2 – 6). China further requires that all documents transmitted for service be translated. (Convention – Authorities - China). While the Convention allows parties who do not object to permit service via mail, China has objected, making service by mail improper. (Convention Art. 10; Oppositions and Declarations - China).

Plaintiff's apparent attempted Federal Express service plainly fails to comply with the Hague Convention. It is equally plain that this failure renders any claim of personal service or personal jurisdiction invalid. Pursuant to the Supremacy Clause of the U.S. Constitution, a treaty such as the Hague Convention is the supreme law of the land. The U.S. Supreme Court has held that "by virtue of the Supremacy Clause, U.S. Const., Art. VI, the Convention pre-empts inconsistent methods of service prescribed by state law in all cases to which it applies." Volkswagenwek Aktiengesellshaft v. Schlunk, 486 U.S. 694, 699 (1988). A wealth of additional case law holds that the Hague Convention is binding upon U.S. courts and overrides the usual rules of service of process. See Delta Constructors, Inc. v. Roediger Vacuum, 259 F.R.D. 245, 247 (D. Miss. 2009); Marcantonio v. Primorsk Shipping Corporation, 206 F. Supp. 2d 54, 58 (D. Mass. 2002); Ferrostaal v. Haci Hassan Yardim, 2006 WL 2819585, *2 (S.D.N.Y. Sept. 29 2006). Consequently, the service of process, Fed. R. Civ. P. 12(b)(5), is invalid. This motion to dismiss based on such failure is due to be granted.

Likewise, the failure to follow the dictates of the Hague Convention also renders the "process" delivered to Defendants invalid. Rule 4, Fed. R. Civ. P., prescribes the procedures for properly issuing and serving a summons. Where service requires compliance with a treaty or international agreement (e.g., Hague Convention), it must be followed. This includes use of prescribed forms, properly translated pleadings, and transmission to the designated judicial official. These steps were not followed here, hence the form of the process was invalid. See Fed. R. Civ. P. 12(b)(4); 2-12 Moore's Federal Practice - Civil §12.33 (2012).

  **B.**  **There Was No Proper Rule B "Notice" to GCS(Yantai) or Ocean Container.**

Plaintiff's Federal Express package also does not provide proper "Notice to Defendant" under Rule B(2) of the Supplemental Rules for Admiralty Claims. Rule B(2) provides that

proper notice to a defendant requires proof that: (a) the complaint, summons and process of attachment or garnishment were served in a manner authorized by Federal Rule of Civil Procedure 4; or (b) plaintiff has given notice to the defendant by mailing the defendant a copy of the complaint and summons; or (c) the plaintiff or the garnishee has made diligent efforts to give notice of the action to the defendant and has been unable to do so.  By the express terms of Rule B(2), no default against a defendant can be entered unless this proof is made.  (Id.).[2]

Plaintiff has failed to give proper Rule B notice.  As discussed above, the Hague Convention governs "in all cases, in civil or commercial matters" in which "judicial or extrajudicial" documents are transmitted for service. (Convention Art. 1).  That is precisely the situation here – plaintiff is seeking to "transmit" documents to defendants GCS(Yantai) and Ocean Container in China in connection with its admiralty complaint.  Pursuant to the Convention, this transmission must be through the Central Authority of China.  See Volkswagenwerk Aktiengesellshaft v. Schlunk, 486 U.S. at 699.  Transmission by mail is simply not permitted.  Ferrostaal v. Haci Hassan Yardim, 2006 WL at *2 (if a foreign state has objected to a particular means of service, it must be respected by U.S. Courts).

## CONCLUSION

For the foregoing reasons, GCS(Yantai) and Ocean Container respectfully request the Court grant their motion to dismiss pursuant to FRCP 12(b)(2), 12(b)(4), and 12(b)(5).

---

[2] By its express terms, Rule B is for an "in personam action," not an in rem action such as under Rule C.

7

Done this 2nd day of April, 2012.

                                              ***/s/ John P. Kavanagh, Jr.***
                                              JOHN P. KAVANAGH (KAVAJ1011)
                                              *john.kavanagh@burr.com*
                                              Attorney for Specially-Appearing Defendants
                                              Grand China Shipping (Yantai) Co. Ltd. and Ocean
                                              Container Trading (Hong Kong) Company Limited.

OF COUNSEL:

Burr & Forman LLP
P. O. Box 2287
Mobile, Alabama 36652
Telephone:  (251) 344-5151
Facsimile:  (251) 344-9696

OF COUNSEL:

JASON P. GONZALEZ
Nixon Peabody LLP
Gas Company Tower
555 West Fifth St., 46th Floor
Los Angeles, CA 90013
Telephone: (213) 629-6000
Facsimile:  (213) 629-6001

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing document by electronically filing same with the Clerk of Court using the CM/ECF system, which will send notifications of such filing to the following: (or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email) on this the 2nd day of April, 2012.

Thomas S. Rue
Johnstone, Adams, Bailey, Gordon & Harris
P.O. Box 1988
Mobile, AL 36633
Phon:  251-432-7682
Fax:   251-432-2800
Email: tsr@johnstoneadams.com

Benjamin Young Ford
Armbrecht Jackson LLP
P. O. Box 290
Mobile, AL 36601
Phone:  251-405-1310
Fax:    251-432-6843
Email: byf@ajlaw.com


                                              */s/ John P. Kavanagh, Jr.*
                                              OF COUNSEL